IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRICIA JOHNSON,

        Plaintiff,

       vs.

SOUTHEASTERN ILLINOIS COLLEGE and
THE SOUTHEASTERN ILLINOIS
COLLEGE FOUNDATION,

        Defendants.

Case No. 13-cv-989-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion for Summary Judgment (Doc. 19) filed by Defendants Southeastern Illinois College ("the College") and The Southeastern Illinois College Foundation ("the Foundation").  Plaintiff Tricia Johnson filed a Response (Doc. 23), and Defendants filed a Reply (Doc. 32).  For the reasons that follow, the Court **GRANTS** Defendants' Motion for Summary Judgment.

Plaintiff filed her Complaint seeking relief for alleged interference and retaliation under the Family Medical Leave Act (FMLA).  Plaintiff alleges that her position of employment was terminated by Defendants due in part to her request for FMLA leave for the adoption of a child.  Plaintiff testified in deposition that she began speaking openly about plans to increase her family, and that the College and the Foundation knew of these plans as early as February 2012.  (Doc. 20, Ex. 1.)  Plaintiff provides evidence showing that, on March 20, 2013, she notified Human Resources Administrator Barbara Potter of her plan to seek FMLA leave.  (Doc. 24, Ex. 2 & 14.)  Plaintiff's FMLA Request Form, dated April 9, 2013, requests a leave of absence from May 20,

2013 to August 8, 2013 for care of a newborn child.  (Doc. 24, Ex. 15.)  Plaintiff was terminated

effective immediately on April 12, 2013.  (Doc. 20, Ex. 1.)

Defendants claim Plaintiff's termination was due to financial constraints and a reduction-

in-force that eliminated two educational services contracts and affected a total of 36 employees.

(Doc. 21, Ex. 3.)  Defendants explain that the College was owed approximately $4 million at the

time of Plaintiff's termination and was forced to take action to bolster the College's fiscal health.

Defendants assert they were able to boost their fiscal health since 2007 by way of "aggressive

fiscal planning, including a large reduction in force, tuition increases, position freezes and

significant cutbacks."  (Doc. 20, Ex. 3.)   At the time of Plaintiff's termination, the College was

also in the process of implementing a more cost-effective fundraising model to reduce costs.

(Doc. 20, Ex. 3 & 4.)

Summary judgment is appropriate where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels*

*Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  Where the moving party fails to meet its strict

burden of proof, a court cannot enter summary judgment for the moving party even if the

opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969

F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest

upon the allegations contained in the pleadings but must present specific facts to show that a

genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26;

*Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material

fact is not demonstrated by the mere existence of "some alleged factual dispute between the

parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. See also *Serednyj v. Beverly Healthcare*, LLC, 656 F.3d 540, 547 (7th Cir. 2011) ("When a summary judgment motion is submitted and supported by evidence . . . the nonmoving party may not rest on mere allegations or denials in its pleadings"). A mere scintilla of evidence supporting the non-movant's position is insufficient to overcome summary judgment; a non-movant will prevail only when it presents definite, competent evidence to rebut the motion. *Estate of Escobedo v. Martin*, 702 F.3d 388, 403 (7th Cir. 2012); *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006).

The FMLA makes it "unlawful for an employer to *interfere* with an employee's attempt to exercise any FMLA rights."  *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006); 29 U.S.C. § 2615(a)(1).  To succeed on an FMLA interference claim, Plaintiff must establish (1) that she was eligible for FMLA protection; (2) the College was covered by the FMLA; (3) Plaintiff was entitled to take FMLA leave; (4) Plaintiff provided sufficient notice of her intent to take FMLA leave; and (5) the College denied or interfered with leave benefits to which she was entitled.  *Righi v. SMC Corp.*, 632 F.3d 404, 408 (7th Cir. 2011).

Similarly, the FMLA prohibits an employer from *retaliating* against an employee for requesting FMLA leave.  29 U.S.C. § 2615(a)(2).  "In other words, the employer cannot use an employee's use of FMLA leave as a negative factor in promotion, termination, and other employment decisions."  *James v. Hyatt Regency Chicago*, 707 F.3d 775, 781 (7th Cir. 2013).  The Seventh Circuit evaluates a claim of FMLA retaliation the same way that it would evaluate a retaliation claim under other employment statutes, such as the ADA or Title VII, in that an employee may "proceed under the direct or indirect method of proof."  *Pagel v. TIN, Inc.*, 695 F.3d 622, 631 (7th Cir. 2012).  Under the direct method—the method under which Plaintiff in this case proceeded—a plaintiff must produce evidence that (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action by the employer and (3) there is a causal connection between the protected activity and the adverse employment action.  *Langenbach v. Wal-Mart Stores, Inc.*, 761 F.3d 792, 799 (7th Cir. 2014).  Recent decisions within the Seventh Circuit have simplified the direct/indirect approach and turned instead to a question of whether there is sufficient relevant evidence that would allow a reasonable jury to infer discrimination.  *Perez v. Thorntons, Inc.,* 731 F.3d 699, 703 (7th Cir. 2013).

Here, Defendants argue there is no genuine issue of material fact as to whether the *Foundation* played a role in Plaintiff's termination because the evidence shows that the Foundation had no input and was not aware of Plaintiff's termination until after the fact.  Accordingly, Defendants argue summary judgment must be entered as to the Foundation.  Further, Defendants argue the *College* is entitled to summary judgment because there is not "a single fact in discovery that even suggests the College interfered with Johnson's FMLA rights by considering her requested leave as a negative factor in the decision to terminate her employment."  (Doc. 20, p. 9.)  The Court agrees.

4

In responding to Defendants' Motion for Summary Judgment, Plaintiff is required to present specific facts to show that a genuine issue of material fact exists.  Defendants have pointed to a lack of evidence for an essential element of Plaintiff's claim—that Defendants were motivated in part by Plaintiff's request for leave under the FMLA.  If no causal connection between Plaintiff's protected activity and her termination can be shown, Plaintiff's claims cannot survive summary judgment.

While circumstantial evidence such as suspicious timing and ambiguous behavior may be sufficient to create an inference of retaliation, Plaintiff has pointed to only a scintilla of evidence in support of her claim. In particular, Plaintiff points to suspicious timing, salary increases for other administrators, letters from board members who resigned after Plaintiff's termination and the treatment of another employee who was terminated by the reduction in force.  In regards to timing, Plaintiff was terminated only a few days after her FMLA request, yet she provides no facts to sufficiently refute Defendants' evidence that she was included on the reduction-in-force list prior to her FMLA request.  Likewise, Plaintiff provides no facts to refute Defendants' evidence that salary increases for other administrators were regular administrative raises that were not frozen due in part to an effort to keep administrative salaries competitive. (See Doc. 20-4, p. 13.)

Plaintiff provides letters from Foundation board members who resigned after Plaintiff's termination, some of whom mention Plaintiff's termination as a factor in their resignation. However, only one indicates that there was an ulterior motive and nothing indicates that it was related to Plaintiff's FMLA request.  Rather, the letters overwhelmingly refer to issues related to the change of relationship between the College and the Foundation (i.e. the Foundation has "responsibility but no authority" [Doc. 24-9], a "lack of leadership from SIC" [Doc. 24-8] and

"the College's unwillingness to work in good faith with the Foundation Board" [Doc. 24-5]. This evidence supports Defendants' claim that auditors had determined the Foundation was a component of the College rather than a separate entity and that a different fund-raising model was necessary.  Regarding Plaintiff's evidence of a similarly-situated employee, the Court does not find Jeffry Kisner to be similarly situated, in that he was temporarily moved from an instructor position to an automotive technician for retirement purposes.

The Court has viewed all evidence in a light most favorable to Plaintiff and finds Plaintiff failed to provide evidence sufficient to establish that Defendants considered her FMLA request as a negative factor in deciding to terminate her position.  Therefore, there is no genuine issue of material fact in this case.  Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment in its entirety and DIRECTS the Clerk of Court to enter judgment in favor of the Defendants.

 **IT IS SO ORDERED.**

**DATE:  March 31, 2015**                                    **s/  Staci M. Yandle**
                                                                              **STACI M. YANDLE**
                                                                              **DISTRICT JUDGE**